**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LYNN I. ANDERSON**                                                                     **PLAINTIFF**

**V.                     CASE NO.: 4:15-CV-495-BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                          DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lynn I. Anderson has appealed the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits and supplemental security income.  Both parties have submitted appeal briefs, and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Papesh v. Colvin*, 786 F.3d 1126, 1131(8th Cir. 2015); see also 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

**Background**

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket #4)

Ms. Anderson alleged that she became limited in her ability to work due to pain in her wrists, incontinence, fatigue, trouble walking, depression, loose joints, migraine headaches, heartburn, hot flashes, dizziness, trouble sleeping, osteoarthritis, and degenerative disc disease of the lumbar spine. (SSA record at 14-15, 49, 96) After conducting a hearing, the Administrative Law Judge[2] ("ALJ") concluded that Ms. Anderson had not been under a disability within the meaning of the Social Security Act at any time from January 1, 2011, her alleged onset date, through January 28, 2014, the date of his decision. (*Id*. at 18) On June 4, 2015, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-4) Ms. Anderson then filed her complaint initiating this appeal. (Docket #2)

At the time of the hearing, Ms. Anderson was 58 years old and lived with her disabled husband and her disabled son. (SSA record at 27) She had a high school education and a couple of years of college. (*Id*. at 27) She had been her husband's caregiver for the last nine years and also cared for her son. (*Id*. at 28)

**The ALJ's Decision**

The ALJ found that Ms. Anderson had not engaged in substantial gainful activity since her alleged onset date and that her osteoarthritis/degenerative disc disease of the lumbar spine was a "severe" impairment. She did not have an impairment or combination

---

[2]The Honorable Glenn A Neel.

of impairments, however, that met or equaled a Listed Impairment. (*Id*. at 14-15) He judged that Ms. Anderson's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (*Id*. at 16-18)

Based on his findings, the ALJ concluded that, during the relevant time period, Ms. Anderson retained the residual functional capacity ("RFC") for light work, except that she could only occasionally stoop and crouch. (*Id*. at 15) After hearing testimony from a vocational expert, the ALJ determined that Ms. Anderson could perform her past relevant work as a cashier II, poultry eviscerator, or fast-food worker. (*Id*. at 18) Thus, the ALJ concluded, Ms. Anderson was not disabled. (*Id*. at 19)

**Residual Functional Capacity**

Ms. Anderson maintains that substantial evidence does not support the ALJ's decision that she was not disabled. To support her claim, Ms. Anderson relies on the report of the agency's consulting physician. She claims the ALJ erred by rejecting the report and substituting his own lay opinion about whether she was disabled. She also challenges the evaluation of her credibility. (#12 pp. 3-9)

A reasonable mind would accept the evidence as adequate to support the ALJ's decision because, here, the objective medical evidence did not establish disabling symptoms. A claimant must prove disability with objective medical evidence; Ms. Anderson's allegations are not enough. 42 U.S.C. § 423 (d)(5)(A). Under the applicable statute, a person's statement about pain or other symptoms, standing alone, is not enough

to establish disability; rather, there must be some medically acceptable clinical or laboratory diagnostic techniques that show a "medical impairment that can reasonably be expected to produce the pain or other symptoms alleged" that support a conclusion that the applicant is disabled. *Id.*; See also 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.").

Ms. Anderson alleged numerous disabling symptoms including pain in her wrists, incontinence, fatigue, trouble walking, depression, loose joints, migraine headaches, heartburn, hot flashes, dizziness, trouble sleeping, osteoarthritis, and degenerative disc disease of the lumbar spine; but her allegations were not supported by medical evidence. According to the record, the last time Ms. Anderson sought medical treatment was in 2008, 32 months before she stopped working. (SSA record at 245-52)

Ms. Anderson did not seek medical treatment during the relevant time period. (*Id.* at 33-35)  Her lack of medical treatment suggests no disabling symptoms and undermines her credibility.  A reasonable mind would expect a person with disabling physical symptoms to seek some type of medical treatment. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with failure to take prescription pain

medication or seek regular medical treatment); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

The only relevant medical evidence is an agency consultative exam. The examiner reported moderate to severe limitations for the body as a whole due to unstable, painful joints, chronic stress incontinence, and chronic fatigue. (*Id*. at 233) Agency medical experts Alice Davidson, M.D., and Stephen Whaley, M.D., observed that the limitations reported by the consultative examiner relied heavily on Ms. Anderson's subjective complaints and lacked support in objective medical evidence. (SSA Record at 53-56, 63-66, 75-78, 86-88) The record supports that assessment.

Ms. Anderson reported unstable joints and a lifetime of chronic pain in her back, knees, and hips. (*Id*. at 229) She asserted that her hips "pop out" when she walked and that her back went out. In contrast, diagnostic imaging of the right knee and the right hip were negative. (*Id*. at 237-38) Diagnostic imaging of Ms. Anderson's back showed degenerative changes, but nothing supporting her allegations of disabling symptoms. (*Id*. at 236) The lack of objective medical evidence undermined Ms. Anderson's credibility as to the symptoms she reported to the examiner.

According to agency medical experts, Ms. Anderson could do light work with postural limitations. (*Id*. at 53-56, 63-66, 75-78, 86-88) Ms. Anderson's reported activities of daily living were consistent with the ability to do light work. She cared for a

disabled adult son and husband and had done so for many years. (*Id*. at 34-35, 197-201) That effort necessarily required more physical capacity than she alleged she was capable of exerting. Likewise, her allegations regarding lack of bladder control were unsupported by objective medical evidence. Ms. Anderson's activities and the lack of supporting medical evidence not only undermined her credibility, but also, the credibility of the allegations reported to and adopted by the consulting examiner.

Although Ms. Anderson claims the ALJ substituted his lay opinion for the examiner's opinion, in fact, the ALJ resolved the conflict between the reported limitations and other substantial evidence. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. . . . The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole.").

Here, the substantial evidence showed: (1) that Ms. Anderson sought no medical treatment for impairments she claimed were disabling; (2) that the only medication Ms. Anderson took for her pain was Bayer Back and Body, which she claimed was ineffective; (2) that Ms. Anderson cared for a disabled husband and adult son; (3) no diagnostic imaging substantiating Ms. Anderson's complaints about the hips, knees, and back; (4) that Ms. Anderson's examination by the consulting examiner showed normal range of motion in all of her extremities with no synovitis, no muscle spasms, straight leg

6

raises were negative, and no muscle atrophy, sensory abnormalities, or edema; and (4) that Ms. Anderson had stopped working – not because of her impairments – but rather, because her home-health-care clients had moved into nursing homes. (*Id*. at 32-36, 197-201, 236-39) The ALJ properly relied on these facts in discounting Ms. Anderson's credibility and the examiner's report. A reasonable mind would accept the evidence as adequate to support the decision that Ms. Anderson could perform light work.

**Conclusion**

Substantial evidence supports the ALJ's decision denying Ms. Anderson's applications for benefits. The ALJ made no legal error. For these reasons, Ms. Anderson's request for relief (#2) is DENIED, and the decision denying the applications for benefits is AFFIRMED.

DATED this 25th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE